UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAKEN SHIPPING CORPORATION, | CASE NO.   07 CIV 8859 |
| Petitioner, | HON. BARBARA S. JONES |
| vs. | **MEMORANDUM IN SUPPORT OF RESPONDENTS' MOTION TO DISMISS** |
| KELLSTONE, INC. AND INLAND BULK TRANSFER CO., | |
| Respondents. | |

### I.    INTRODUCTION

Petitioner Laken Shipping Corporation ("Laken") brings this Petition to Confirm Arbitration Award ("Petition") as a result of an Arbitration Award that was rendered against Respondents Kellstone, Inc. and Inland Bulk Transfer Co. (collectively "Respondents") by a panel of Society of Maritime Arbitrators. Laken's Petition is fundamentally flawed, however, as this Court does not possess subject matter jurisdiction over the Petition. Indeed, each of the bases of jurisdiction identified by Laken in its Petition fail to properly confer subject matter jurisdiction on this Court. As a result, Laken's Petition must be dismissed for want of subject matter jurisdiction.

### II.    LAW AND ARGUMENT

#### A.    The Federal Arbitration Act Is Not An Independent Basis Of Federal Jurisdiction.

Laken's Petition identifies the Federal Arbitration Act, 9 U.S.C. §§ 1-13 (the "FAA") as a basis of this Court's jurisdiction over this matter. The FAA is not, however, an independent basis of federal court jurisdiction. *See Stolt-Nielson SA v. Celanese*, 430 F.3d 567 (2nd Cir.

2005). Indeed, the United States Supreme Court has held that the FAA "creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25 (1983). Accordingly the Second Circuit has stated that "[i]t is well-established…that the FAA, standing alone, does not provide a basis for federal jurisdiction." *Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263, 267 (2nd Cir. 1996). "[A] party invoking various provisions of the FAA in federal court must first establish a basis for subject matter jurisdiction independent of the FAA itself." *Celanese*, 430 F.3d at 572, citing *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 136-40 (2nd Cir. 2002). Because the law is clear that the FAA does not provide an independent basis of federal jurisdiction, Laken must establish diversity of citizenship or some other independent basis for federal jurisdiction. *See Pennsylvania Engineering Corp. v. Islip Resource Recovery Agency*, 710 F.Supp. 456, 460 (E.D.N.Y. 1989) ("In order for a federal district court to retain jurisdiction in an arbitration case, diversity of citizenship or some other independent basis for federal jurisdiction must be available").

  **B.** **Diversity Of Citizenship Between The Parties Does Not Exist.**

  Laken is also mistaken that diversity jurisdiction exists in this case. Federal courts have jurisdiction over diversity cases pursuant to 28 U.S.C. § 1332(a), which provides that:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between-
>
> (1) citizens of different states.

28 U.S.C. § 1332(a)(1). As this Court recently explained:

> It is, of course, black letter law that diversity jurisdiction requires complete diversity of the parties:

2

> To sustain the jurisdiction of a federal court on the ground of diversity of citizenship under U.S.C.A. § 1332(a)(1), there must be complete or total diversity, *such that all parties on one side of the controversy must be of diverse citizenship from those on the other side.* In other words, all of the parties on one side of the controversy must be citizens of different states from all of the parties on the other side. To put it another way, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. A federal court has no jurisdiction on the basis of diversity where the opposite parties to a controversy are citizens of the same state, where such parties are indispensable or necessary parties.

*Colon v. Bernabe*, No. 07 Civ. 3369, 2007 WL 2068093 at *2-3 (S.D.N.Y. July 19, 2007).

For the purposes of diversity jurisdiction, 28 U.S.C. § 1332(c) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business." Specifically, 28 U.S.C. § 1332(c) establishes "a theory of dual citizenship for corporations and if either the corporation's place of incorporation or principal place of business destroys diversity, then the courts will not have diversity jurisdiction." *Sty-Lite Company v. Eminent Sportswear, Inc.*, 115 F.Supp.2d 394, 399 (S.D.N.Y. 2000). Put differently, "where a corporation is incorporated in state A and has its principal place of business in state B and the adverse party is a citizen of either A or B, diversity is lacking." *Interpool Limited v. Orient Overseas Container Line, Ltd.*, No. 91 Civ. 135, 1991 WL 107272 at *1 (S.D.N.Y. June 13, 1991).

Diversity is lacking in this case.[1] Respondents are both Ohio corporations with their principal places of business in the State of Ohio.[2] While Laken is incorporated in the State of Delaware, its principal place of business is, like that of Respondents, in the State of Ohio.[3]

---

[1] Although Laken has identified diversity as a basis of federal jurisdiction, Laken has failed to specify the citizenship of any party in its Petition.

[2] True and accurate copies of the Articles of Incorporation of Kellstone, Inc. and Inland Bulk Transfer Co. filed with the State of Ohio Secretary of State are attached to the accompanying Affidavit of Daniel J. Endick ("Endick Aff.") as Exhibits 1 and 2, respectively.

[3] A true and accurate copy of the Foreign Corporation License of Laken filed with the State of Ohio Secretary of State is attached as Exhibit 3 to the Endick Aff.

Because the principal place of business of all parties is in the State of Ohio, diversity jurisdiction does not exist as a basis of federal jurisdiction in this case.

### C. Admiralty Jurisdiction Does Not Apply To Contracts For The Sale Of A Vessel.

Admiralty jurisdiction in cases of contract depends "upon the nature of the contract, and is limited to contracts, claims and services purely maritime, and touching rights and duties appertaining to commerce and navigation." *Thypin Steel Company v. Asoma Corporation*, 215 F.3d 273, 277 (2nd Cir. 2000), quoting *S.S. ECLIPSE*, 135 U.S. 599, 608 (1890). In this regard, it is well-settled that "claims for damages resulting from the purchase or sale of ships have specifically been excluded from admiralty jurisdiction." *Baker v. Captain Jeffrey A. Johnson & Associates*, No. 86 Civ. 1796, 1987 WL 17650 at *3 (S.D.N.Y. Sept. 21, 1987); *see also CTI-Container Leasing v. Oceanic Operations Corp.*, 682 F.2d 377, fn. 4 (2nd Cir. 1982) ("A contract to purchase a vessel is outside admiralty jurisdiction"), citing *Economou v. Bates*, 222 F.Supp. 988 (S.D.N.Y. 1963); *Clem Perrin Marine Towing, Inc. v. Panama Canal Company*, 730 F.2d 186 (5th Cir. 1984) ("[c]ontracts for the sale of vessels are not within admiralty jurisdiction"); *Cary Marine, Inc. v. Motorvessel Papillon*, 872 F.2d 751, 754-55 (6th Cir. 1989) (a purchase agreement for the sale of a vessel is not a maritime contract and a breach of one, therefore, does not give rise to admiralty jurisdiction).

The underlying dispute in this case arises out of the sale and purchase of a vessel. Indeed, Laken's Petition admits that the arbitration "relates to the sale and transfer of the Tug Boat Frank Palladino, Jr.," and that Laken's claim was for an alleged breach of the Ship Sale Agreement for that vessel. *See* Petition to Confirm Arbitration Award, ¶¶ 7-8. It is therefore

clear that Laken's Petition to Confirm Arbitration Award is not within this court's admiralty jurisdiction.[4]

### III. CONCLUSION

Based on the foregoing, Respondents Kellstone, Inc. and Inland Bulk Transfer Co., Inc. respectfully request that this Court dismiss Petitioner Laken Shipping Corporation's Petition to Confirm Arbitration Award for want of subject matter jurisdiction.

Dated: New York, New York
       November 19, 2007

                              MOUND, COTTON, WOLLAN & GREENGRASS
                              Attorneys for Respondents,
                              Kellstone, Inc. and Inland Bulk Transfer Co.

                              By_____
                                 Jeffrey C. Crawford (JC-4082)
                              Daniel J. Endick (DE-5285)
                              One Battery Park Plaza
                              New York, NY 10004
                              Tel: (212) 804-4200
                              Fax: (212) 344-8066
                              jcrawford@moundcotton.com
                              dendick@moundcotton.com

Of Counsel:

Ezio A. Listati
Christine M. Garritano
Roetzel & Andress, LPA
1375 East Ninth Street
One Cleveland Center
Ninth Floor
Cleveland, OH 44114
Telephone: (216) 623-0150
Facsimile: (216) 623-0134

---

[4] Laken has also identified 28 U.S.C. § 1331, federal question, as a basis of jurisdiction over its Petition. However, Laken has failed to specify what federal question exists; nor can Respondents fathom the "federal question" to which Laken refers. Laken's assertion that jurisdiction exists based on the "Court's pendent, supplementary and ancillary jurisdiction" is similarly obscure. *See* Petition to Confirm Arbitration Award, ¶ 2.

## **CERTIFICATE OF SERVICE**

The foregoing document was filed electronically with the Court on November 19, 2007. Notice of this filing was sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Daniel J. Endick*
Daniel J. Endick