UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAKEN SHIPPING CORPORATION, | CASE NO.  07 CIV 8859 |
| Petitioner, | JUDGE BARBARA S. JONES |
| vs. | **REPLY IN SUPPORT OF RESPONDENTS' MOTION TO DISMISS** |
| KELLSTONE, INC. AND INLAND BULK TRANSFER CO., INC. | |
| Respondents. | |

## I.   INTRODUCTION

This Court does not possess subject matter jurisdiction over Petitioner Laken Shipping Corporation's ("Laken") Petition to Confirm Arbitration Award.  As fully set forth in Respondents Kellstone, Inc. and Inland Bulk Transfer Co., Inc.'s (collectively "Respondents") Motion to Dismiss, there is no basis for federal jurisdiction over this matter.  First, it is undisputed that the Federal Arbitration Act does not provide any independent basis of federal jurisdiction.  Second, diversity of citizenship between the parties does not exist.  Last, admiralty jurisdiction does not apply to contracts for the sale of a vessel.  Laken's strained attempts to invoke the jurisdiction of this Court are utterly without merit.

## II.   LAW AND ARGUMENT

### A.   The Federal Arbitration Act's Implementation of International Conventions Does Not Provide A Basis of Federal Jurisdiction In This Case.

As a preliminary matter, Laken does not dispute that the Federal Arbitration Act ("FAA"), 9 U.S.C. 1, *et seq.*, does not provide an independent basis of federal jurisdiction. *See Stolt-Nielson SA v. Celanese*, 430 F.3d 567 (2nd Cir. 2005).  Rather, Laken adopts a new basis for federal jurisdiction, asserting that international treaties govern a dispute between three undeniably domestic corporations.  It strains reason that an international treaty could govern the

sale of a vessel by a domestic corporation to another domestic corporation. Laken cites no law to support this untenable position because no such law could possibly exist. The commercial scope of this transaction is entirely domestic.

Moreover, Laken completely distorts the arbitration and award at issue. The Arbitration Award is clear that, "the dispute in this arbitration concerns events surrounding engine damage to and sale of the tug, *Frank Palladino, Jr.*" Accordingly, it was the Ship Sale Agreement between the parties that was the subject of the arbitration. The only parties to that Ship Sale Agreement were Laken and Respondents, all domestic corporations. Laken further tries to distort this clearly domestic transaction by asserting that the Ship Sale Agreement was preceded by a Letter of Intent between Respondents and a Canadian company. Such an argument is a red herring. Not only was the Canadian company not a party to the Ship Sale Agreement that was the subject of the arbitration, it was not a party to the arbitration, and is not a party to this action. Moreover, the Ship Sale Agreement, the relevant parts of which are attached to the Arbitration Award, specifically states that,

> This Agreement, together with the agreements and other documents to be delivered pursuant to this Agreement, **constitute the entire agreement between the Parties pertaining to the purchase of the Vessels** and the Equipment **and supersedes all prior agreement, letters of intent, understanding, negotiations and discussions, whether oral or written...** Exhibit A1 to Laken's Opposition at 24 (emphases added).

Thus, existence of the Canadian company and the prior Letter of Intent are wholly irrelevant to the jurisdiction of this Court over Laken's Petition.

The United States Supreme Court is clear that, "[i]t is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "[P]arties cannot confer subject matter

jurisdiction upon courts where Constitution and Congress have not." *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2nd Cir. 2001). Laken must not be permitted to evade the limits of federal jurisdiction through its "creative" interpretation of the facts and law. There simply is no basis for federal jurisdiction under the FAA, and no international treaties apply to these parties and the transaction that is the subject of this action.

### B.   There Is No Diversity Of Citizenship Between The Parties.

Laken does not dispute that there is no diversity of citizenship between the parties and thus diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) does not provide a basis for jurisdiction in that matter. Indeed, the principle place of business for both Laken and Respondents is Ohio. *See* Exhibits 1-3 to the November 19, 2007 Affidavit of Daniel J. Endick accompanying Respondents' initial brief. Therefore, although Laken has alleged that diversity jurisdiction is applicable in its Petition to Confirm Arbitration Award, there can be no doubt that Laken's allegation in this regard is frivolous.

### C.   Admiralty Jurisdiction Dose Not Provide A Basis Of Jurisdiction In This Case.

The law is well settled that, "the presence or absence of federal-question jurisdiction is governed by the " well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).

Laken's Petition to Confirm Arbitration Award states:

> 7.   The Arbitration in question relates to the sale and transfer of the Tug Boat FRANK PALLADINO, JR ("FRANK PALLAINO" and "Vessel") from Sellers KELLSTONE and INLAND to buyer LAKEN.
>
> 8.   Petitioner LAKEN claimed that Respondents KELLSTONE and INLAND breached the Ship Sale Agreement ("SAA") for the Vessel in question by failing to deliver said Vessel in the condition required by the agreement.

\* \* \*

    13.    On September 25, 2007, the arbitration panel issued an Arbitral Award and Decision finding KELLSTONE and INLAND liable under the terms of the SAA.

See Petition to Confirm Arbitration Award, Exhibit A to Laken's Opposition, ¶¶ 7-8, 13.

Notwithstanding Laken's clear admission that this dispute relates solely to the purchase of a vessel under the Ship Sale Agreement, Laken now attempts to change its position as set forth in the Petition to Confirm Arbitration Award, asserting for the first time that, "[t]he claim in the matter at hand is based on contractual provisions in the LOI [Letter of Intent] concerning responsibility for damage to the vessel during lay-up, before the parties even entered into the final Ship Sale Agreement [SAA]." See Laken's Memorandum in Opposition to Motion to Dismiss. Laken's assertion fails to confer federal jurisdiction on this Court for two reasons. First, these are not the facts asserted in Laken's Petition, which is the only basis for establishing federal jurisdiction to which the Court may look. Second, such an assertion is simply false. As set forth above, the Letter of Intent was expressly superseded by the Ship Sale Agreement, thus no liability on the part of Respondents could have been premised on the Letter of Intent. See Staten Island University Hosp. v. Sarkis, 12 Misc.3d 1180(A), 824 N.Y.S.2d 766 (table), 2003 WL 1892256 (N.Y. Sup. Ct. May 10, 2006) (letter of intent unenforceable where parties subsequently entered into fully integrated written contract).

Laken has provided no authority to contradict the clear rule of law that, "claims for damages resulting from the purchase or sale of ships have specifically been excluded from admiralty jurisdiction." Baker v. Captain Jeffrey A. Johnson & Associates, No. 86 Civ. 1796, 1987 WL 17650 at *3 (S.D.N.Y. Sep. 21, 1987); see also CTI-Container Leasing v. Oceanic Operations Corp., 682 F.2d 377, n.4 (2nd Cir. 1982); Ecomomou v. Bates, 222 F.Supp. 988

(S.D.N.Y. 1963); *Clem Perrin Marine Towing, Inc. v. Panama Canal Company*, 730 F.2d 186 (5th Cir. 1984). Thus, based on the clear allegations of Laken's Petition, this action is excluded from admiralty jurisdiction.

## CONCLUSION

Based on the foregoing, Respondents Kellstone, Inc. and Inland Bulk Transfer Co., Inc. respectfully request that this Court dismiss Petitioner Laken Shipping Corporation's Petition to Confirm Arbitration Award for want of subject matter jurisdiction.

Dated: New York, New York
      December 5, 2007

    MOUND, COTTON, WOLLAN & GREENGRASS
Attorneys for Respondents,
Kellstone, Inc. and Inland Bulk Transfer Co., Inc.

By _____
    Jeffery C. Crawford (JC-4082)
    Daniel J. Endick (DE-5285)
    One Battery Park Plaza
    New York, NY 1004
    Tel: (212) 804-4200
    Fax: (212) 344-8066
    jcrawford@moundcotton.com
    dendick@moundcotton.com

Of Counsel:

Ezio A. Listati
Christine M. Garritano
Roetzel & Andress, LPA
1375 East Ninth Street
One Cleveland Center
Ninth Floor
Cleveland, Ohio 44114
Telephone: (216) 623-0150
Facsimile: (216) 623-0134

## CERTIFICATE OF SERVICE

The foregoing document was filed electronically with the Court on December 5, 2007. Notice of this filing was sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Daniel J. Endick
Daniel J. Endick